## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

### RMC TRUCKING, INC. AND ROBERT HARRELL'S REQUESTS TO CHARGE THE JURY

COME NOW, RMC Trucking, Inc. and Robert Harrell (hereinafter "Defendants"), by and through the undersigned counsel, pursuant to the Court's Order Setting Pre-trial Conference dated June 27, 2008, and present their Requests to Charge to the Jury numbered 1 through 25.

Respectfully submitted,

CARLOCK, COPELAND & STAIR, LLP

By:    /s/Renee Y. Little_____
D. GARY LOVELL, JR.
Georgia Bar No. 459389
RENEE Y. LITTLE
Georgia Bar No. 454262

Attorneys for Defendant RMC
Trucking, Inc. and Robert Harrell

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia 30303-1235
(404) 522-8220
    ---------
P.O. Box 56887
Atlanta, Georgia 30343-0887

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S REQUEST TO CHARGE NO. 1

### 2.2
### Consideration of the Evidence
### Duty to Follow Instructions
### Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in

general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

*Pattern Jury Instructions*
*Eleventh Circuit*
*Civil Cases 2005*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

FCCI INSURANCE GROUP                )
                                    )
            Plaintiff,              )
                                    )   Civil Action
vs.                                 )   File No. 4-06-CV-107 (CDL)
                                    )
RODGERS METAL CRAFT, INC.,          )
RMC TRUCKING, INC., ROBERT          )
HARRELL, INDIVIDUALLY AND           )
DAVID J. HANKO, WIDOWER AND         )
EXECUTOR OF THE ESTATE OF           )
CAMELA K. HANKO                     )
                                    )
            Defendants.             )

## <u>DEFENDANT'S REQUEST TO CHARGE NO. 2</u>

### 6.1 Burden of Proof

### When Only Plaintiff Has Burden of Proof

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

Pattern Jury Instructions

Eleventh Circuit

Civil Cases 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S REQUEST TO CHARGE NO. 3

### 3
### Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was

telling the truth?  Did the witness have any particular reason not to tell the truth?

Did the witness have a personal interest in the outcome of the case?  Did the

witness seem to have a good memory?  Did the witness have the opportunity and

ability to observe accurately the things he or she testified about?  Did the witness

appear to understand the questions clearly and answer them directly?  Did the

witness' testimony differ from other testimony or other evidence?

*Pattern Jury Instructions*
*Eleventh Circuit*
*Civil Cases 2005*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANT'S REQUEST TO CHARGE NO. 4**

### 4.1
### Impeachment of Witnesses
### Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she

remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Pattern Jury Instructions*
*Eleventh Circuit*
*Civil Cases 2005*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

FCCI INSURANCE GROUP       )
                                 )
       Plaintiff,             )
                                 )   Civil Action
vs.                              )   File No. 4-06-CV-107 (CDL)
                                 )
RODGERS METAL CRAFT, INC.,   )
RMC TRUCKING, INC., ROBERT   )
HARRELL, INDIVIDUALLY AND   )
DAVID J. HANKO, WIDOWER AND  )
EXECUTOR OF THE ESTATE OF   )
CAMELA K. HANKO             )
                                 )
       Defendants.          )

## <u>DEFENDANT'S REQUEST TO CHARGE NO. 5</u>
### 5.1
### Expert Witnesses, General Instruction

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

*Pattern Jury Instructions*
*Eleventh Circuit*
*Civil Cases 2005*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S REQUEST TO CHARGE NO. 6

### 7.2
### Duty to Deliberate
### When Both Plaintiff and Defendant Claim
### Damages or When Damages Are Not An Issue

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion

and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

*Pattern Jury Instructions*
*Eleventh Circuit*
*Civil Cases 2005*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANT'S REQUEST TO CHARGE NO. 7</u>

**8**
**Election of Foreperson**
**Explanation of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

*Pattern Jury Instructions*
*Eleventh Circuit*
*Civil Cases 2005*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

FCCI INSURANCE GROUP       )
                                 )
       Plaintiff,         )
                                 )   Civil Action
vs.                          )   File No. 4-06-CV-107 (CDL)
                                 )
RODGERS METAL CRAFT, INC.,   )
RMC TRUCKING, INC., ROBERT   )
HARRELL, INDIVIDUALLY AND   )
DAVID J. HANKO, WIDOWER AND   )
EXECUTOR OF THE ESTATE OF   )
CAMELA K. HANKO          )
                                 )
       Defendants.      )

## <u>DEFENDANT'S REQUEST TO CHARGE NO.  8  </u>

### 00.020
### Evidence

You determine the facts from the evidence, which consists of two things:  testimony and exhibits.  Testimony is the statements that you will hear under oath from the witness(es).  Exhibits are documents, photos, or other items that will be admitted into evidence.  You will have those exhibits with you in the jury room during your deliberations.

I caution you that what the lawyers say during this trial is not evidence. Nothing they say in their opening statements or their arguments or at any time during this trial is evidence.  Nor is anything I might do or say evidence in this case.

I have no leanings in this case whatsoever.  My interest in this case is to see that it is tried fairly as to both parties and to see that it is tried according to the laws of the State of Georgia and according to the constitutions of this state and of the United States.


Suggested Pattern Jury Instructions, *Volume I Fifth Edition (Superior Court)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

FCCI INSURANCE GROUP       )
                                     )
        Plaintiff,        )
                                     )   Civil Action
vs.                               )   File No. 4-06-CV-107 (CDL)
                                   )
RODGERS METAL CRAFT, INC.,  )
RMC TRUCKING, INC., ROBERT  )
HARRELL, INDIVIDUALLY AND  )
DAVID J. HANKO, WIDOWER AND )
EXECUTOR OF THE ESTATE OF   )
CAMELA K. HANKO          )
                                   )
        Defendants.     )

## DEFENDANT'S REQUEST TO CHARGE NO. 9

### Conflicting Evidence; Reconciliation

Any conflicts in the evidence are to be reconciled wherever possible. All witnesses are presumed to speak the truth and, if possible, you should not attribute a false statement to any of them. If you find that this cannot be done, then you should believe the evidence that is most reasonable and believable to you and decide the case by the preponderance of the evidence as you find it to be.

Ramco Roofing Supply Co., Inc. v. Kaminsky, 156 Ga.App. 708 (1980)

Durham v. Holeman, 30 Ga. 619 (1860)

Suggested Pattern Jury Instructions, Volume I (5th ed.).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANT'S REQUEST TO CHARGE NO.   10  </u>

### 02.161
### Failure to Produce Witnesses; Generally

If a party fails to produce an available witness, the jury shall determine whether such a failure warrants the inference that the witness, if produced, would have testified to facts prejudicial to the party failing to produce the witness.

O.G.C.A. §24-4-22

<u>Cotton v. Childs</u>, 179, Ga. 23 (1934)

<u>Southern R.R. Co., et al. v. Acree</u>, 9 Ga. App. 104(2) (1911)

<u>Oliver v. Fair Jewelers</u>, 104 Ga. App. 392 (1961)

<u>Suggested Pattern Jury Instructions</u>, *Volume I Fifth Edition (Superior Court)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

FCCI INSURANCE GROUP      )
                                 )
        Plaintiff,         )
                                 )  Civil Action
vs.                            )  File No. 4-06-CV-107 (CDL)
                                 )
RODGERS METAL CRAFT, INC.,  )
RMC TRUCKING, INC., ROBERT  )
HARRELL, INDIVIDUALLY AND   )
DAVID J. HANKO, WIDOWER AND )
EXECUTOR OF THE ESTATE OF   )
CAMELA K. HANKO          )
                                 )
        Defendants.      )

## DEFENDANT'S REQUEST TO CHARGE NO.  11

### 02.170
### Admissions

An admission is a statement by a party that tends to aid the opposing party.

All admissions shall be carefully considered.

O.G.C.A. §24-3-53

Suggested Pattern Jury Instructions, *Volume I Fifth Edition (Superior Court)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

FCCI INSURANCE GROUP      )
                                  )
        Plaintiff,        )
                                  )  Civil Action
vs.                            )  File No. 4-06-CV-107 (CDL)
                                  )
RODGERS METAL CRAFT, INC.,    )
RMC TRUCKING, INC., ROBERT    )
HARRELL, INDIVIDUALLY AND    )
DAVID J. HANKO, WIDOWER AND  )
EXECUTOR OF THE ESTATE OF    )
CAMELA K. HANKO            )
                                  )
        Defendants.      )

## <u>DEFENDANT'S REQUEST TO CHARGE NO.  12  </u>

### 06.010
### Agency; Creation

      The relation of principal and agent arises whenever one person, expressly or by implication, authorizes another to act for the principal, or later approves the acts of another in the principal's behalf.


O.C.G.A. §10-6-1

<u>National Bank of Athens v. Burt</u>, 98 Ga. 380 (1896)

<u>Suggested Pattern Jury Instructions</u>, *Volume I Fifth Edition (Superior Court)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S REQUEST TO CHARGE NO.  13

### 06.020
### Agency; Responsibility of Principal; Extent

The principal shall be bound by all the acts of an agent within the scope of the

agent's authority.  If the agent shall exceed the authority given, the principal may not

accept part of the agreement and reject the balance.

O.C.G.A. §10-6-51

Suggested Pattern Jury Instructions, *Volume I Fifth Edition (Superior Court)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S REQUEST TO CHARGE NO.  14

### 06.030
### Agency; Authority; Extent

The agent's authority includes all necessary and usual means for performing the agent's duties.  Private instructions or limitations not known to persons dealing with a general agent shall not affect them.  In specific agencies for a particular purpose, persons dealing with the agent should examine this authority.


O.C.G.A. §10-6-50

Suggested Pattern Jury Instructions, *Volume I Fifth Edition (Superior Court)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S REQUEST TO CHARGE NO.   15

### 06.040
### Agency; Authority; Extent

Before one can be bound by the acts of another who assumes to represent him/her, proof of agency must be shown.

Agency, as well as authority of an agent, may be established by proof of contract of agency, or by the principal's conduct and course of dealings.

If one should hold out another as one's agent and by one's course of dealings reasonably indicate that such person has certain authority, the one dealing with the agent would be protected to the extent of the authority reasonably deducible from the conduct of the parties.

You must determine the issue of agency in the light of all the facts and circumstances of the case.

Scott v. Kelly-Springfield Tire Co., 33 Ga. App. 297 (1924), and other decisions cited to note "Proof of Agency"   following O.C.G.A. §10-6-1

Patterson v. Southern Railway Co., 41 Ga. App. 94 (1930), and other decisions cited to note "Course of Dealing"   following O.C.G.A. §10-6-50

Armour Fertilizer Works v. Abel, 15 Ga. App. 275 (1914)

Terry v. International Cotton Co., 138 Ga. 656 (1912)

King v. Towns, 102 Ga. App. 895 (1960)

Suggested Pattern Jury Instructions, *Volume I Fifth Edition (Superior Court)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

FCCI INSURANCE GROUP      )
)
      Plaintiff,     )
)  Civil Action
vs.                       )  File No. 4-06-CV-107 (CDL)
)
RODGERS METAL CRAFT, INC.,   )
RMC TRUCKING, INC., ROBERT   )
HARRELL, INDIVIDUALLY AND   )
DAVID J. HANKO, WIDOWER AND  )
EXECUTOR OF THE ESTATE OF   )
CAMELA K. HANKO          )
)
      Defendants.    )

## DEFENDANT'S REQUEST TO CHARGE NO.   16

### 06.080
### Agency; Constructive Notice

Notice given to an agent of a fact connected with the agency is notice given to the principal.

O.C.G.A. §13-6-58

Suggested Pattern Jury Instructions, *Volume I Fifth Edition (Superior Court)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S REQUEST TO CHARGE NO. 17

### 16.010
### Contracts; Definition

A contract is an agreement between two or more parties for the doing or not doing of some specified thing.

O.C.G.A. §13-1-1

Suggested Pattern Jury Instructions, *Volume I Fifth Edition (Superior Court)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

FCCI INSURANCE GROUP      )
      )
      Plaintiff,      )
      )   Civil Action
vs.      )   File No. 4-06-CV-107 (CDL)
      )
RODGERS METAL CRAFT, INC.,      )
RMC TRUCKING, INC., ROBERT      )
HARRELL, INDIVIDUALLY AND      )
DAVID J. HANKO, WIDOWER AND      )
EXECUTOR OF THE ESTATE OF      )
CAMELA K. HANKO      )
      )
      Defendants.      )

## DEFENDANT'S REQUEST TO CHARGE NO.   18

### Contracts; Construction

The cardinal rule of contract construction is to ascertain the intention of the parties.

O.C.G.A. § 13-2-3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

FCCI INSURANCE GROUP      )
                                      )
        Plaintiff,         )
                                      )   Civil Action
vs.                               )   File No. 4-06-CV-107 (CDL)
                                      )
RODGERS METAL CRAFT, INC.,  )
RMC TRUCKING, INC., ROBERT  )
HARRELL, INDIVIDUALLY AND  )
DAVID J. HANKO, WIDOWER AND )
EXECUTOR OF THE ESTATE OF   )
CAMELA K. HANKO           )
                                      )
        Defendants.       )

## <u>DEFENDANT'S REQUEST TO CHARGE NO.  19  </u>

### Contracts; Undefined Terms

In determining the meaning of the word "_____" in the parties'
contract, you may consider parol evidence.   Parol evidence is testimony of
witnesses and documentary evidence outside the contract.   You may refer to
evidence of trade usage and custom.

<u>Ray M. Wright, Inc. v. Stinchcomb</u>, 259 Ga. App. 212, 214 (2002), <u>cert. denied</u> (Ga. Apr.
30, 2003)

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S REQUEST TO CHARGE NO. _20__**

**Use of Terms "Any Auto"**

When used in insurance policies of the type at issue in this case, the terms "any auto" literally means that any auto anywhere is a covered auto under the policy.

Foremost County Mutual Insurance Company v. The Home Indemnity Company, 897 F.2d 754, 756 (5th Cir. 1990)

Hartford v. Commerce & Industry Insurance Company, 864 S.W.2d 648, 650-651 (Tx. App., 1993)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S REQUEST TO CHARGE NO.   21

### Insurance – Alleged Misrepresentation in Application Does Not Permit Cancellation of Policy

In Georgia, an insurer cannot void a policy retrospectively based on an alleged misrepresentation relating to its inception.  This means that Georgia law does not permit an insurer to cancel a policy retroactively on the basis of an alleged misrepresentation in the application.


Liberty Insurance Corp. v. Ferguson, 263 Ga. App. 714, 589 S.E.2d 290 (2003)

O.C.G.A. §§ 33-24-44 and 33-24-45

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANT'S REQUEST TO CHARGE NO.  22  </u>

### 32.010
### Insurance; Misrepresentations; Generally

All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations for them, by or in behalf of the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy of contract unless:

a.  Fraudulent; or

b.  Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

      c.  The insurer in good faith would either not have  issued the policy or contract, or would not have issued a policy or contract in as large an amount, or at the premium rate as applied for, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

O.C.G.A. §33-24-7

<u>Suggested Pattern Jury Instructions</u>, *Volume I Fifth Edition (Superior Court)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| FCCI INSURANCE GROUP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | File No. 4-06-CV-107 (CDL) |
| | ) | |
| RODGERS METAL CRAFT, INC., | ) | |
| RMC TRUCKING, INC., ROBERT | ) | |
| HARRELL, INDIVIDUALLY AND | ) | |
| DAVID J. HANKO, WIDOWER AND | ) | |
| EXECUTOR OF THE ESTATE OF | ) | |
| CAMELA K. HANKO | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANT'S REQUEST TO CHARGE NO.  23</u>

### Insurance – Misrepresentations Explained

When alleging that a misrepresentation, omission, concealment or incorrect statement prevents recovery under a policy, it is Plaintiff's burden to demonstrate, by a preponderance of the evidence, that a false statement was actually made, that the false statement was material to the acceptance of the risk or to the hazard assumed by the insurer.   A material misrepresentation is one that would influence a prudent insurer in deciding whether to assume the risk of providing coverage.

Plaintiff may also demonstrate misrepresentation by establishing, by a preponderance of the evidence, that a false statement was made and, if the insurer

had known that the statement false, the insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer.

O.C.G.A. § 33-24-7(b)

Case v. RGA Insurance Services, 239 Ga.App. 1, 4, 521 S.E.2d 32, 35 (1999)

Jackson National Insurance Company v. Snead, 231 Ga.App. 406, 499 S.E.2d 173 (1998)

Nappier v. Allstate Insurance Company, 961 F.2d 168, 170 (11th Cir. 1992)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

FCCI INSURANCE GROUP )
)
     Plaintiff, )
) Civil Action
vs. ) File No. 4-06-CV-107 (CDL)
)
RODGERS METAL CRAFT, INC., )
RMC TRUCKING, INC., ROBERT )
HARRELL, INDIVIDUALLY AND )
DAVID J. HANKO, WIDOWER AND )
EXECUTOR OF THE ESTATE OF )
CAMELA K. HANKO )
)
     Defendants. )

## <u>DEFENDANT'S REQUEST TO CHARGE NO.  24  </u>

### Insurance – Misrepresentations/Yes & No Questions

The general rule in Georgia is that answers to questions on in an insurance application that are ambiguous and call for "yes" or "no" answers cannot be false as a matter of law.

An insurance company is also under a duty to frame questions in the application so that they will be free from misleading interpretations.  When an insurance company fails to do so and an ambiguity or doubt that arises, questions and answers thereto will be construed most favorably to the insured.

Case v. RGA Insurance Services, 239 Ga.App. 1, 4, 521 S.E.2d 32, 35 (1999)

Jackson National Insurance Company v. Snead, 231 Ga.App. 406, 499 S.E.2d 173 (1998)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

FCCI INSURANCE GROUP       )
                             )
       Plaintiff,       )
                             )   Civil Action
vs.                        )   File No. 4-06-CV-107 (CDL)
                             )
RODGERS METAL CRAFT, INC.,   )
RMC TRUCKING, INC., ROBERT   )
HARRELL, INDIVIDUALLY AND   )
DAVID J. HANKO, WIDOWER AND   )
EXECUTOR OF THE ESTATE OF   )
CAMELA K. HANKO          )
                             )
       Defendants.     )

## DEFENDANT'S REQUEST TO CHARGE NO.  25

### Insurance – Misrepresentations & Waiver

An insurer's continued collection of premiums when the insurer has full knowledge of the facts supporting a claim of material misrepresentation can be a waiver of the insurer's right to rely on the material misrepresentation as the basis for denying coverage.

Lively v. Southern Heritage Ins. Co., 256 Ga.App. 195, 197-198(2), 568 S.E.2d 98 (2002)

Thompson v. Permanent Gen. Assurance Co., 238 Ga.App. 450, 452, 519 S.E.2d 249 (1999)

Golden v. National Life & Accident Ins. Co., 189 Ga. 79, 88, 5 S.E.2d 198 (1939)

Respectfully submitted, this 30th day of July, 2008.

CARLOCK, COPELAND & STAIR, LLP

By:    /s/Renee Y. Little_____
       D. GARY LOVELL, JR.
       State Bar No.:  459389
       RENEE Y. LITTLE
       State Bar No.: 454262

       Attorneys for Defendants
       RMC Trucking, Inc. and Robert
       Harrell

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia 30303
404-522-8220
    ..........
P.O. Box 56887
Atlanta, Georgia 30343-0887

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by Court ECF filing/service and U.S. Mail addressed to counsel of record as follows:

Robert M. Darrouch, Esq.
Adam C. Joffe, Esq.
Goodman, McGuffey, Lindsey & Johnson, LLP
3340 Peachtree Road, N.E.
2100 Tower Place
Atlanta, Georgia 30326-1084


William C. Lanham, Esq.
Clark H. McGhee, Esq.
Johnson & Ward
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303-1912

Richard F. Dodelin, Esq.
P.O. Box 1401
Columbus, Georgia 31902

This 30th day of July, 2008.


CARLOCK, COPELAND & STAIR, LLP


By:     /s/Renee Y. Little_____
        D. GARY LOVELL, JR.
        State Bar No.: 459389
        RENEE Y. LITTLE
        State Bar No.: 454262

        Attorneys for Defendants
        RMC Trucking, Inc. and Robert
        Harrell

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia 30303
404-522-822
    ……….
P.O. Box 56887
Atlanta, GA 30343-0887

2422965v.1