IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

COLUMBUS DIVISION

| | |
|---|---|
| FCCI INSURANCE GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>RODGERS METAL CRAFT, INC., RMC TRUCKING, INC., ROBERT HARRELL, Individually, and DAVID J. HANKO, Widower and Executor of the Estate of Camela K. Hanko,<br><br>    Defendants. | Civil Action<br>File No.:    4:06-cv-00107-CDL |

## PLAINTIFF'S REQEUST TO CHARGE

COMES NOW FCCI Insurance Group, Plaintiff in the above-styled Complaint for Declaratory Judgment, and request that the following instructions 1-27 be given to the jury by the court, each charge being a separate and individual request.

This 31st day of July, 2008.

Respectfully submitted,

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for FCCI Insurance Group

BY: _____
ROBERT M. DARROCH
GA State Bar No.:  205490
ADAM C. JOFFE
GA State Bar No.:  391920

GOODMAN McGUFFEY LINDSEY & JOHNSON, LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA  30326-1084
Phone:    (404) 264-1500
Fax:    (404) 264-1737

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

COLUMBUS DIVISION

| | |
|---|---|
| FCCI INSURANCE GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>RODGERS METAL CRAFT, INC., RMC<br>TRUCKING, INC., ROBERT HARRELL,<br>Individually, and DAVID J. HANKO,<br>Widower and Executor of the Estate of<br>Camela K. Hanko,<br><br>    Defendants. | Civil Action<br>File No.:    4:06-cv-00107-CDL |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

**11th Circuit Pattern Jury Charges (2005): 1 - Face Page Introduction**

## PLAINTIFF'S REQEUST TO CHARGE NO. 2

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**11th Circuit Pattern Jury Charges (2005): 2.2 - Consideration of Evidence, Duty to Follow Instructions, Corporate Party Involved**

## PLAINTIFF'S REQUEST TO CHARGE NO. 3

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**11th Circuit Pattern Jury Charges (2005): 3 – Credibility of Witnesses**

## PLAINTIFF'S REQUEST TO CHARGE NO. 4

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**11th Circuit Pattern Jury Charges (2005): 4.1 – Impeachment of Witnesses, Inconsistent Statements**

## PLAINTIFF'S REQUEST TO CHARGE NO. 5

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness. (This paragraph may be unnecessary)

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**11th Circuit Pattern Jury Charges (2005): 4.2 – Impeachment of Witnesses, Inconsistent Statement And Felony Conviction**

## PLAINTIFF'S REQEUST TO CHARGE NO. 6

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**11th Circuit Pattern Jury Charges (2005): 5.1 – Expert Witnesses, General Instruction**

...

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

**11th Circuit Pattern Jury Charges (2005): 5.2 – Expert Witnesses, When Expert Witness fees Represent A Significant Portion Of the Witness' Income (Redacted)**

## PLAINTIFF'S REQUEST TO CHARGE NO. 8

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

**11th Circuit Pattern Jury Charges (2005): 6.2 – Burden of Proof, When There Are Multiple Claims Or When Both Plaintiff And Defendant Or Third Parties Have Burden Of Proof**

## PLAINTIFF'S REQEUST TO CHARGE NO. 9

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**11th Circuit Pattern Jury Charges (2005): 7.2 – Duty to Deliberate, When Both Plaintiff And Defendant Claim Damages Or When Damages Are Not An Issue**

## PLAINTIFF'S REQUEST TO CHARGE NO. 10

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**11th Circuit Pattern Jury Charges (2005): 8 – Election Of Foreperson, Explanation Of Verdict Form(s)**

## PLAINTIFF'S REQUEST TO CHARGE NO. 11

In this case you are being asked to assist the Court by making factual determinations which the Court will use to render its decision. Your role in that process is to answer questions posed to you by the Court. Those questions are:

(See Consolidated Pre-Trial Order).

With respect to the claim that the Rodgers Metal Craft made a fraudulent or a material misstatement or concealment in the application for the insurance policy or the application process, the FCCI contends that the representatives of Defendant Rodgers Metal Craft failed to inform the FCCI that Rodgers Metal Craft owned the 2002 International Truck and/or leased vehicles to other entities. One question you will be asked is whether Plaintiff established the existence of a misrepresentation, omission, concealment of facts, or incorrect fact made by or on behalf of Rodgers Metal Craft. You will also be asked whether that misrepresentation, omission, concealment or incorrect fact was fraudulent or material. I will define the "material" for you a little later in these instructions.

The words "fraud" or "fraudulent," wherever those words have been used in these instructions, mean the making of any untrue statement of fact that is then known to be untrue by the person making the statement, or making a statement with reckless indifference as to its truth or falsity, and making such statement with the intent to deceive. A "fraudulent" statement or representation may also be made by statements of misleading half truths, or a deliberate

concealment of material facts, when done with the intent to deceive. However, even a good faith misrepresentation of fact may be sufficient if the misrepresentation was material.

The word "material" wherever that word has been used in these instructions, means that the subject matter of the statement or concealment related to a fact or circumstance that would be important to the decision to be made as distinguished from an insignificant, trivial or unimportant detail; that is, to be material, an assertion or concealment must affect the insurance company's decision to issue the policy, or the amount of coverage to be afforded or the premium to be charged, by changing the nature, extent, or character of the risk.

**Modified from 11th Circuit Pattern Jury Charges (2005): State Claims Instructions - 4.1 - Fire Insurance Claim, General Instruction (With Defenses Based Upon False Application, Arson, And False Claim Form) (Revised)**

## PLAINTIFF'S REQUEST TO CHARGE NO. 12

**REPRESENTATION IN APPLICATIONS**

(a) All statements and descriptions in any application for an insurance policy or annuity contract or in negotiations for such, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties.

(b) Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:

    (1) Fraudulent;

    (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

    (3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

The insurer need only show that the representation was objectively false, regardless of subjective belief of insured, and that misrepresentation was material to extent it changed nature, extent, or character of risk.

**O.C.G.A. § 33-24-7**

<u>**Nappier v. Allstate Ins. Co.,**</u> **766 F.Supp. 1166, 1168 (N.D.Ga. 1991)**

<u>**Worley v. State Farm Mut. Auto. Ins. Co.,**</u> **208 Ga.App. 805, 807, 432 S.E.2d 244 (1993)**

**PLAINTIFF'S REQUEST TO CHARGE NO. 13**

Misrepresentations, incorrect statements, or omissions of fact on an insurance application prevent recovery under an insurance policy where (a) fraudulent, or (b) material either to acceptance of the risk or the hazard assumed, or unless (c) the insurer in good faith would not have issued the policy in the amount and at the rate charged if the truth had been known to the insurer.

**O.C.G.A. § 33-24-7**

**<u>Thompson v. Permanent General Assur. Corp.</u>, 238 Ga.App. 450, 451, 519 S.E.2d 249 (1999)**

**<u>Taylor v. Ga. Intl. Life Ins. Co.</u>, 207 Ga.App. 341, 342, 427 S.E.2d 833 (1993)**

## PLAINTIFF'S REQUEST TO CHARGE NO. 14

A material misrepresentation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing a different amount of premium in the event of such acceptance.

O.C.G.A. § 33-24-7

<u>Thompson v. Permanent General Assur. Corp.</u>, 238 Ga.App. 450, 451, 519 S.E.2d 249 (1999)

<u>Jackson National Life Insurance Company v. Snead</u>, 231 Ga.App. 406, 410(3)(b), 499 S.E.2d 173 (1998)

<u>Georgia Intern. Life Ins. Co. v. Bear's Den, Inc.</u>, 162 Ga.App. 833, 292 S.E.2d 502 (1982)

## PLAINTIFF'S REQEUST TO CHARGE NO. 15

A misrepresentation is material if such misrepresentation changes the character, extent or nature of the risk.  Misrepresentations include those that result in a substantial change in risk.


**O.C.G.A. § 33-24-7**

**Mutual Ben. Health & Acc. Ass'n v. McCranie**, 178 F.2d 745 (1950)

**PLAINTIFF'S REQUEST TO CHARGE NO. 16**

In determining whether there is a misrepresentation on an application for insurance, it is immaterial whether applicant acted in good faith in completing the application.

**Taylor v. Georgia Intern. Life Ins. Co.**, 207 Ga.App. 341, 427 S.E.2d 833 (1993).

**Davis v. John Hancock Mut. Life Ins. Co.**, 202 Ga.App. 3, 413 S.E.2d 224 (1991).

## PLAINTIFF'S REQUEST TO CHARGE NO. 17

**Contracts; Misrepresentation; Fraud**

When a contract has been made but, because of a mistake on the part of one of the parties and accompanied by fraud on the part of the other, the instrument as executed does not express the true intent, you may reform the instrument and make it conform to the intent of the parties. But the complaining party must act within a reasonable time. The evidence to justify the reformation must be clear and convincing.

**Suggested Pattern Jury Instruction, State of Georgia, Vol. I, 4th ed., pg. 72 (2004)**

**O.C.G.A. § 23-2-29**

**Weaver v. Roberson, 134 Ga. 149 (1)(1910)**

**Sheldon v. Hargrose, 213 Ga. 672, 175 (1957)**

**Quiggle v. Vining, 125 Ga. 98 (1906)**

**Davis v. United American, etc., 215 Ga. 521, 525 (1959)**

## PLAINTIFF'S REQUEST TO CHARGE NO. 18

**Contracts; Rescission or Cancellation; Unilateral Mistake**

A written contract may be rescinded and cancelled upon the mistake of fact of one party only material to the contract.

When, because of a mistake, a contract does not really represent the truth of the agreement as understood by one of the parties, it may be rescinded.

**Suggested Pattern Jury Instruction, State of Georgia, Vol. I, Civil Cases, 4th ed., pg. 72-73 (2004)**

**Quiggle v. Vining, 125 Ga. 98 (1906)**

**David v. United American, etc., 215 Ga. 521, 525 (1959)**

## PLAINTIFF'S REQEUST TO CHARGE NO. 19

If you find that Rodgers Metals Craft, Inc. made a material misrepresentation that was not waived by the Plaintiff FCCI Insurance Group, the insurance policy is void.

**Thompson v. Permanent General Assur. Corp.**, 238 Ga.App. 450, 451, 519 S.E.2d 249 (1999).

## PLAINTIFF'S REQUEST TO CHARGE NO. 20

Equity will not reform a written contract unless the mistake is shown to be the mistake of both parties; but it may rescind and cancel upon the ground of mistake of fact material to the contract of one party only.

**O.C.G.A. § 23-2-31**

## PLAINTIFF'S REQUEST TO CHARGE NO. 21

A court of equity will reform a contract when there is mutual mistake (that is, a mistake common to both parties) or when there is ignorance or mistake on one side and fraud or inequitable conduct on the other side. These conditions apply to both law and fact.

O.C.G.A. § 23-2-31

## PLAINTIFF'S REQUEST TO CHARGE NO. 22

Conduct giving rise to an apparent agency relationship must be proved, as any other fact, by circumstantial evidence, including proof of circumstances, apparent relations, and the conduct of the parties.

**Capital Color Printing, Inc. v. Ahern**, 291 Ga.App. 101, 661 S.E.2d 578 (2008)

**PLAINTIFF'S REQUEST TO CHARGE NO. 23**

Under Georgia law, an agency relationship is created wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf.

**O.C.G.A. § 10-6-1**

<u>**Harvey v. Bank One**</u>**, N.A., 290 Ga.App. 55, 658 S.E.2d 824 (2008).**

## PLAINTIFF'S REQUEST TO CHARGE NO. 24

Any representation made by independent insurance agents is not binding on the insurer in the absence of an actual or apparent agency relationship with the insurer.  Independent agents or brokers are generally considered agents of insured, not insurer.

**Kinard v. National Indem. Co.,** 225 Ga.app. 176, 178, 483 S.E.2d 664 (1997)

**Kirby v. Northwestern Nat. Cas. Co.,** 213 Ga.App. 673, 677, 445 S.E.2d 791 (1994)

**European Bakers, Ltd. v. Holman,** 177 Ga.App. 172, 173, 338 S.E.2d 702 (1985)

**PLAINTIFF'S REQEUST TO CHARGE NO. 25**

An insurer must learn of the material misrepresentation in the application and treat the policy as valid, binding and retain the insureds premiums as earned before it waives the defense of material misrepresentation.

**Thompson v. Permanent General Assur. Corp., 238 Ga.App. 450, 519 S.E.2d 249 (1999).**

**PLAINTIFF'S REQUEST TO CHARGE NO. 26**

Title certificates are by no means the exclusive method for establishing vehicle ownership, but rather are in addition to oral testimony or other evidence as to ownership. Ownership remains a matter of contract between the parties.

**Williams v. National Auto Sales, Inc.**, 287 Ga.App. 283, 651 S.E.2d 194 (2007)

**Smith v. Hardeman**, 281 Ga.App. 402, 636 S.E.2d 106 (2006)

## PLAINTIFF'S REQUEST TO CHARGE NO. 27

One individual may retain legal title to a vehicle while another individual has the equitable ownership of the vehicle.

**McKinney v. Timber Equipment, Inc., 160 Ga.App. 900, 288 S.E.2d 610 (1982)**

This 31st day of July, 2008.

Respectfully submitted,

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
Attorneys for FCCI Insurance Group

BY: _____

ROBERT M. DARROCH
GA State Bar No.: 205490
ADAM C. JOFFE
GA State Bar No.: 391920

GOODMAN McGUFFEY LINDSEY & JOHNSON, LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
Phone:    (404) 264-1500
Fax:        (404) 264-1737

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF GEORGIA

COLUMBUS DIVISION

| | |
|---|---|
| FCCI INSURANCE GROUP, | |
| Plaintiff, | Civil Action File No.: 4:06-cv-00107-CDL |
| v. | |
| RODGERS METAL CRAFT, INC., RMC TRUCKING, INC., ROBERT HARRELL, Individually, and DAVID J. HANKO, Widower and Executor of the Estate of Camela K. Hanko, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the opposing party or counsel for the opposing party in the foregoing matter with a copy of Plaintiff's Request to Charge by depositing a copy of same in the United States Mail, postage prepaid, as follows:

William C. Lanham, Esq.
Lanham & McGehee, P.C.
Johnson & Ward
2100 The Equitable Building
100 Peachtree Street, N.W.
Atlanta, GA 30303-1912

Richard F. Dodelin, Esq.
P.O. Box 1401
Columbus, GA 31902

D. Gary Lovell, Esq.
Renee Y. Little, Esq.
Carlock Copeland Semler & Stair LLP
P.O. Box 56887
Atlanta, GA 30343-0887

This 31st day of July, 2008.

BY: _____
ADAM C. JOFFE
GA State Bar No.: 391920

GOODMAN MCGUFFEY LINDSEY & JOHNSON, LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
Phone:   (404) 264-1500
Fax:     (404) 264-1737

Doc ID#Document in ProLaw