```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION
```

FCCI INSURANCE GROUP,                *

    Plaintiff,                   *

vs.                                  *
                                        CASE NO: 4:06-CV-107 (CDL)
                                     *

RODGERS METAL CRAFT, INC.; RMC
TRUCKING, INC.; ROBERT HARRELL,      *
Individually; and DAVID J. HANKO,
Widower and Executor of the          *
Estate of Camela K. Hanko,
                                     *

    Defendants.                     *

## O R D E R

Defendant David J. Hanko, joined by Defendant Rodgers Metal Craft, Inc., seeks to have the Court take judicial notice of data compiled on an official U.S. government website. The website, www.safersys.org, is operated by the Federal Motor Carrier Safety Administration and offers company safety data and related services to the industry and the public. The site includes a searchable database whereby users can obtain information related to a company's identification, size, safety record, crash information, and the like.

Federal Rule of Evidence 201 provides that a court may take judicial notice of an adjudicative fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b).

"Adjudicative facts are facts that are relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). Judicial notice of an adjudicative fact can be taken at any stage of the proceeding, and in a civil case, a "court shall instruct the jury to accept as conclusive any fact judicially noticed." Fed. R. Evid. 201(f), (g).

In the Eleventh Circuit, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process" because "the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). Thus,

> the kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958.

*Id.*

The information which the Defendants request to be judicially noticed is not the type of evidence contemplated by *Shahar* or the Federal Rules of Evidence. Accordingly, Defendant's Motion Requesting that the Court Take Judicial Notice of Data Compiled in an Official U.S. Government Website (Doc. 140) is denied.

IT IS SO ORDERED, this 9th day of September, 2008.

                                        S/Clay D. Land
                                          CLAY D. LAND
                                    UNITED STATES DISTRICT JUDGE